**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X

DWAYNE RICHARDSON,

                              Plaintiff,

  -against-

NYPD Officer CHRISTIAN DIAZ (Shield # 17665), in his individual capacity,

                              Defendant.

------------------------------------------------------------------- X

**COMPLAINT**

JURY TRIAL DEMANDED

Case No. 19-cv-242

Plaintiff DWAYNE RICHARDSON, by and through his attorneys, Bernstein Clarke & Moskovitz PLLC, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Dwayne Richardson brings this civil rights action because his constitutional and civil rights were violated when defendant Christian Diaz, a New York City Police Department ("NYPD") Officer, stripped him naked, attempted to goad him into a fight, and left him naked in a cell at a police stationhouse when he refused to fight Officer Diaz. When Mr. Richardson asked for his clothes, Officer Diaz returned and violently slammed Mr. Richardson, who was handcuffed and defenseless, face-first to the ground, causing him serious injuries.

2. Mr. Richardson brings this suit to vindicate his civil and constitutional rights and to hold Officer Diaz accountable for his actions. He seeks, among other things, compensatory damages for his injuries and punitive damages to ensure that Officer Diaz's misconduct is punished and will not happen again.

## JURISDICTION AND VENUE

3.  This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

4.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5.  Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District, which is the judicial district where the events giving rise to this claim took place.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action on each of his claims for which a jury trial is legally available.

## THE PARTIES

7.  Plaintiff DWAYNE RICHARDSON is a citizen of the United States and of the State of New York. At all times relevant to this complaint, he resided in the State of New York.

8.  Upon information and belief, at all relevant times, defendant NYPD Officer CHRISTIAN DIAZ (Shield # 17665) was and is a citizen of the United States and the State of New York.

9.  At all relevant times, Defendant was employed by the City of New York and acted under color of law and in the course and scope of his duties and authority as an officer, agent, servant, and employee of the NYPD and the City.

10. At all relevant times, Defendant violated Plaintiff's clearly established constitutional rights, of which a reasonable law enforcement officer would have known.

## STATEMENT OF FACTS

11. On the evening of January 14, 2016, Plaintiff was in police custody inside the NYPD's 73rd Precinct stationhouse.

12. The 73rd Precinct is located at 1470 East New York Avenue, in Brooklyn, New York.

13. Plaintiff had both hands handcuffed behind his back.

14. Defendant Christian Diaz and other NYPD officers removed Plaintiff's belt and shoes, causing his pants and underwear to fall to the ground and leaving him naked from the waist down.

15. Defendant and the other officers present did not pull up Plaintiff's clothes or permit Plaintiff to do so, and since Plaintiff's hands were cuffed behind his back, Plaintiff was unable to cover himself or retrieve his pants or underwear on his own.

16. Defendant and the other officers present lacked reasonable suspicion, probable cause, or adequate justification to search, seize, or treat Plaintiff in this manner.

17. Defendant and one of the officers who had participated in taking off Plaintiff's clothes brought Plaintiff to a holding cell.

18. Defendant and the other officer removed one of Plaintiff's handcuffs and encouraged Plaintiff to fight them.

19. Plaintiff refused to fight and Defendant and the other officer left Plaintiff in the cell by himself after one of the officers re-cuffed Plaintiff's hands behind his back.

20. Plaintiff did nothing to justify Defendant's or the other officer's actions.

21. After Plaintiff complained about being left naked, Plaintiff was moved into a cell with other prisoners.

22. Defendant then returned, removed Plaintiff from the cell, and violently slammed Plaintiff face-forward to the ground.

23. Defendant then struck Plaintiff several times on his head and neck while Plaintiff lay defenseless and semi-naked on the ground.

24. Plaintiff did nothing to justify this violent assault.

25. Plaintiff suffered serious physical injuries as a result of Defendant's conduct.

26. These injuries caused and continue to cause Plaintiff substantial pain and suffering.

27. Defendant's conduct also caused Plaintiff to suffer, among other things, mental distress and anguish, embarrassment, humiliation, fear, and the violation of his constitutional rights.

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 – Unconstitutional Search and Seizure**

28. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

29. Defendant unconstitutionally searched and seized Plaintiff without reasonable suspicion or probable cause.

30. Defendant was in close proximity to where Plaintiff was searched and seized and could have intervened to assist him but chose not to.

31. Defendant's actions were shocking to the conscience.

32. Defendant had the opportunity to intervene but failed to do so to prevent other NYPD officers from engaging in conduct that shocked the conscience.

33. Defendant's actions violated Plaintiff's fundamental right to personal security, privacy, and bodily integrity.

34. Defendant had the opportunity to intervene but failed to do so to prevent other NYPD officers from engaging in conduct that violated these fundamental rights of Plaintiff.

35. In committing the acts and omissions complained of herein, Defendant acted under color of state law to deprive Plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate result of Defendant's deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

37. Defendant's unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Excessive Force

38. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

39. Defendant used unreasonable and excessive force on Plaintiff without lawful justification.

40. Defendant's actions were shocking to the conscience.

41. In committing the acts and omissions complained of herein, Defendant acted under color of state law to deprive Plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a direct and proximate result of Defendant's deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

43. Defendant's unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief against Defendant:

(a)  compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)  punitive damages to the extent allowable by law;

(c)  attorney's fees;

(d)  the costs and disbursements of this action;

(e)  interest; and

(f)  such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 11, 2019

                                         BERNSTEIN CLARKE & MOSKOVITZ PLLC
                                         11 Park Place, Suite 914
                                         New York, New York 10007
                                         (212) 321-0087

By:  /s/ Colin Reeves
                                         Colin Reeves
                                         Joshua S. Moskovitz
                                         *Attorneys for Plaintiff*